■ CADIN CONSTRUCTION CORP. et al., Appellants, v ADAM JAY ASSOCIATES et al., Respondents, et al., Defendants.—In an action pursuant to Lien Law article 3-A, in which an interlocutory judgment requiring defendants to account for certain mortgage proceeds had been previously entered, plaintiffs appeal from an order of the Supreme Court, Nassau County

(Modugno, J.H.O.), entered October 18, 1984, which, after a hearing, dismissed their claim.

Order reversed, on the law and the facts, with one bill of costs, plaintiffs are granted judgment against respondents for the principal sum of $339,705.29, and matter remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

Respondents, having failed to comply with the provisions of a 1976 interlocutory judgment requiring them to account to the court in their fiduciary capacity as trustees for funds received in connection with a construction project, plaintiffs finally moved for judgment against them in 1983, and Justice Burke ordered that a hearing be held on the motion. This hearing was held before Judicial Hearing Officer Modugno on August 6, 1984, and by order entered October 18, 1984, Judicial Hearing Officer Modugno dismissed plaintiff's claim, concluding that respondents adequately accounted for the trust assets.

At the hearing, it was agreed that $7,331,549.87 was properly disbursed by respondents to the general contractor. Additionally, respondents claimed disbursements of closing costs made on April 17, 1974 totaling $489,385.93, and disbursements as reflected in the mortgagor's certificate of actual cost totaling $1,568,744.84. In crediting respondents with both of these amounts (with the exception of the duplication of title charges and taxes), the court found respondents had accounted for more than the trust corpus. Such a conclusion was erroneous in light of the evidence adduced at the hearing. Defendant Schwartz explicitly testified that the mortgagor's certificate of actual cost reflected all expenditures made up until June 1, 1974, including the closing costs disbursed on April 17, 1974. The letter prepared by respondents' accountant supported this testimony. Thus, crediting respondents with both the disbursements reflected in the mortgagor's certificate of actual cost and disbursements made at closing on April 17, 1974 was error. Therefore, respondents have failed to account for $339,705.29 of the trust assets. Lien Law § 75 (4) provides that the trustee's failure to keep the required books and records "shall be presumptive evidence that the trustee has applied or consented to the application of trust funds actually received by him * * * for purposes other than a purpose of the trust as specified in section seventy-one of this chapter." Pursuant to Lien Law § 78 (b), judgment should be entered in favor of the plaintiffs as well as the class of trust beneficiaries they represent.

Plaintiffs seek to disallow certain disbursements claimed by respondents in their mortgagor's certificate of actual cost on the basis that they are not permitted by Lien Law § 71. We find this contention to be without merit. The evidence demonstrates expenditures for the Federal Housing Authority's inspection and examination fees, as well as the legal and accounting fees, were intrinsically related to respondents' procurement of building loan financing, as required by the Federal Housing Authority's regulations. As such, these disbursements were proper under Lien Law § 71 (1); § 2 (5), which permit disbursements for the "fair and reasonable sums paid for obtaining building loan and subsequent financing". Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.